UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LIVING WAY PENTECOSTAL CHURCH OF LAKE CHARLES INC** | **CASE NO. 2:21-CV-02890** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion to Strike Experts of Church Mutual Insurance Company" (Doc. 16) wherein Plaintiff moves to strike Trey Johnson, Robert Spengler, Michael Hansen, Shay Davis, Alysa Durch, Chris Schneider, and Aaron Isch as expert witnesses for Defendant, Church Mutual Insurance Company ("Church Mutual").

## INTRODUCTION

On or about August 27, 2023, Hurricane Laura made landfall near Lake Charles, Louisiana. Plaintiff, Living Way Pentecostal Church of Lake Charles Inc. ("Living Way") owns an 18,000 square foot church sanctuary and 14 other buildings (hereinafter sometimes referred to as the "properties") in Lake Charles. Plaintiff alleges that its properties were damaged by the Hurricane.

During the relevant time period, Church Mutual insured the properties. Living Way alleges that the sanctuary and several buildings were a total loss and the remainder of the buildings suffered significant damage. Living Way alleges that its experts have calculated that its losses exceeded the over $9 million policy limits. Living Way filed the instant lawsuit because Church Mutual has allegedly only paid about one-half of those limits.

## LAW AND ANALYSIS

Living Way maintains that despite Church Mutual providing expert disclosures listing Trey Johnson, Robert Spengler, Michael Hansen, Shay Davis, Alysa Durch, Chris Schneider, and Aaron Isch as expert witnesses, it failed to provide written signed expert reports and supporting materials in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) and this Court's Scheduling Order.

Federal Rule of Civil Procedure 26(a)(2)(B) states that:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involves giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

The United States Fifth Circuit has held it is appropriate for the district court to exclude an expert from testifying when the expert fails to provide a Rule 26 compliant

expert report. *Harmon v. Georgia Gulf Lake Charles, L.L.C.*, 476 Fed.Appx. 31 (5th Cir. 2012).

*Trey Johnson, Robert Spengler, Michael Hansen, Shay Davis, Alysa Durch, and Chris Schneider*

Trey Johnson was an independent adjuster retained by Church Mutual to provide damage estimates for Living Way's buildings after Hurricane Laura. Mr. Johnson is listed by Church Mutual as both a fact and an expert witness.

Church Mutual asserts that it attached Mr. Johnson's CV when it produced Defendant's Expert Disclosures on January 18, 2023. Church Mutual further asserts that Mr. Johnson's reports include:

1. October 22, 2020 Sedgwick First Report, produced within CMIC Claim Materials 001 to 1009.

2. 54 photos, produced within CMIC Claim Materials 001 to 1009.

3. January 8, 2021 Sedgwick Second Report, produced within CMIC Claim Materials 001 to 1009.

4. February 4, 2021 Sedgwick Third Report, produced within CMIC Claim Materials 001 to 1009.

5. 29 photographs, produced by Defendant with Defendant's Expert Disclosures as Bates No. Sedgwick Jan. 9, 2023, 001 to 0029, on January 18, 2023.

Church Mutual explains that Mr. Johnson is a witness with first-hand knowledge of the matters at issue in the suit and that Plaintiff can discover additional information to fill any gaps at Mr. Johnson's deposition. While Plaintiff states that it has no objection to these witnesses as fact witness, Plaintiff objects to them giving an expert opinion to critique Plaintiff's experts, considering that Trey Johnson, Michael Hansen and Robert Sprengler

testified at their deposition that they did not prepare an expert report setting out any opinions not contained in their reports to Church Mutual during the handling of the claim, and they were not prepared to provide opinions outside of their reports. Plaintiff also notes that Mr. Hansen and Mr. Johnson, who attended a reinspection of Living Way's properties on January 9, 2023, testified that they had not prepared written reports concerning the inspection or their findings. Plaintiff asserts that neither of these witnesses could provide testimony about any new opinions after the reinspection, other than that Living Way appeared to have made some upgrades during repairs. According to counsel for Plaintiff, these witnesses testified concerning two upgrades.

As such, counsel for Plaintiff complains that he cannot adequately prepare to address opinions at trial that have not been provided by these witnesses.

Church Mutual asserts that Mr. Johnson will use his expertise to explain the difference shown regarding approximately 2,000 before-and-after photographs of the properties. Church Mutual contends that Mr. Johnson has "education, skill and experience that qualifies him to provide opinions and conclusions." Church Mutual attaches a one-page document, which it submits as a "CV." The document reveals that Mr. Johnson is an "Executive General Adjuster" who specializes in "Commercial Property, Large, Complex Losses, Oil/gas: Drilling, Production, Midstream, Refining, Alternative Energy and Environmental losses, Residential Property, Industrial, Manufacturing, Public Entity, Education, Catastrophe." He currently is employed with Sedgwick and has worked as an adjuster from 1996 until the present. He has a Bachelor of Arts in Business, and an "Associate in Claims."

Rule 26(a)(2)(B)(i)-(vi) provides that an expert's written report must comply with the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; and

(v) a statement of compensation to be paid for the study and testimony in this case.

First, the only purported "CV" provided to the Court is from Mr. Johnson, the one-page document mentioned above. This document does not conform to Rule 26. Second, the "reports" submitted by Johnson, fail in the following respects: (1) no written signed report (2) no written report with a complete statement of opinions and the bases for such opinion; and (3) non-compliance as to Rule 26(a)(2)(b)(iv) and (v).[1]

Church Mutual suggests that Mr. Johnson, Spengler and Mr. Hansen will provide testimony at trial to compare older photographs of the properties to newer photographs, and use their expertise to explain the difference in what is shown. However, the Court notes that Church Mutual has not provided a report as to Mr. Johnson, Mr. Spengler and Mr. Hansen's opinions, the basis for their opinions, and any data and/or facts to support their opinions. Church Mutual makes the conclusory statement that each of these witnesses are

---

[1] Church Mutual does not provide these "reports" for review, so the Court must assume that they are not signed reports that do not contains a complete state of opinions and the bases for such opinions, considering that counsel for Plaintiff made these objections and Church Mutual does not dispute them.

qualified to give expert testimony because they have education, skill, and experience. However, Church Mutual provides no documentation, CV, resume or any supporting material for this Court to consider as to proposed experts Mr. Spengler, Mr. Hansen, Mr. Davis, Ms. Durch, and Mr. Schneider. Consequently, Mr. Spengler, Mr. Hansen, Mr. Davis, Ms. Durch, and Mr. Schneider, have not provided expert reports that comply with Rule 26.[2]

The Court is concerned that Plaintiff will be prejudiced at trial considering that these expert witnesses have not provided expert opinions, and/or that they did not provide any written reports setting out their opinions. The Court is not privy to the reports that Church Mutual contends has been provided to Plaintiff as mentioned hereinabove.

Because these witnesses did not prepare a report setting out an opinion concerning a particular topic or critique that complies with Rule 26, they will be prohibited from testifying as an expert. However, the Court will allow Mr. Johnson to testify as a fact witness regarding his damage estimate and/or providing lay witness opinions about his work in adjusting the Plaintiff's claim. Mr. Spengler, Mr. Hansen, Mr. Davis, Ms. Durch, and Mr. Schneider will be permitted to testify as fact witnesses and provide lay witness opinions about their work in handling the claim. In addition, they will not be permitted to give any expert opinion regarding the before-and-after photographs. The Court will not

---

[2] The Court notes that Church Mutual states that the challenged expert's reports were provided to Plaintiff in its Initial Disclosures. Church Mutual does not provide the Court with these reports. Considering that Plaintiff's motion to strike contends that these proposed experts should be excluded because the reports are non-compliant for various reasons, it would be Church Mutual's burden to establish that the proposed experts timely and adequately provided written signed reports that are compliant with Rule 26. Because the Court was not provided with the reports, they cannot be reviewed and/or considered. Therefore, the Court deems them as non-compliant with Rule 26.

allow any witness to compare before-and-after photographs and give an expert opinion without first having submitted a proper expert report.

Finally, Plaintiff moves to exclude the testimony of Aaron Isch, CPA, CVA. Mr. Isch is employed by the accounting firm of Matson Driscol & Damico, LLP ("MDD"). Mr. Isch intends to rely upon a document prepared by MDD, which appears to be a spreadsheet. The Court has reviewed the document, which appears to be a detailed summary of what Plaintiff claims are due (separated by each difference location/building), what repairs have been submitted, less proposed adjustments for claims that (1) have insufficient support, (2) are a duplicate, (3) are for "other locations", and/or (4) are considered repairs outside the scope of repairs according to United Building Services ("UBS").[3] The spreadsheet then reflects the "variance" and an allocation between the Building and Contents. Church Mutual asserts that it contains footnotes providing explanations, however as to those repairs outside the scope of repairs, the footnote refers to a Schedule B1 for an explanation from USB.[4]

Plaintiff informs the Court that the "spreadsheet/report" indicates that upgrades to the properties were made and that adjustments are made to decrease the amount of the claim for the alleged upgrades. Plaintiff argues that the "spreadsheet/report" with its schedules should not be permitted because it fails to explain what information was relied upon by Mr. Isch and/or what qualifies him to make such a determination. Plaintiff informs the Court that Mr. Johnson, Mr. Hansen, and Mr. Sprengler, were deposed and all testified

---

[3] Doc. 20-3, p. 1, Note 5.
[4] Defendant's exhibit C.

that they did not provide any information to Mr. Isch or anyone else about what items may have been upgrades.

This spreadsheet is not a report. We have not come across this particular methodology upon which Church Mutual is relying for this proposed expert in any of the vast number of Hurricane cases handled by the Court. The spreadsheet Church Mutual relies upon as Mr. Isch's "report" completely fails to comply with Rule 26 in that it (1) fails to contain a complete statement of all opinions the witness will express and the basis and reasons for the opinions, (3) has no author and/or signature, and (4) is not compliant with Rule 26(a)(2)(b)(iv) and (v). The Court finds that the document does not comply with Rule 26. Therefore, Mr. Isch will not be permitted to testify as an expert at trial.

## CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Strike Experts of Church Mutual Insurance Company (Doc. 16) is **GRANTED** to the extent that Trey Johnson, Robert Spengler, Michael Hansen, Shay Davis, Alysa Durch, Chris Schneider, will not be permitted to testify as experts and/or give expert opinions; the Court will allow Mr. Johnson to testify as a fact witness regarding his damage estimate and/or providing lay witness opinions about his work in adjusting the Plaintiff's claim; Mr. Spengler, Mr. Hansen, Mr. Davis, Ms. Durch, and Mr. Schneider will be permitted to testify as fact witnesses and provide lay witness opinions about their work in handling the claim; and Mr. Isch will be precluded from testifying as an expert and/or from giving an expert opinion.

**THUS DONE AND SIGNED** in chambers on this 10th day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**